IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:07-CV-01241–JLK

HOLLY LATOUR,

    Plaintiff,

v.

JASON EXUM, Individually,
RACHELLE EXUM, Individually, and
STANLEY LEE EXUM, Individually,

    Defendants.

## ORDER AND JUDGMENT

THIS MATTER, having come before me on Plaintiff's Verified Motion for Entry of Judgment [Docket No. 30] and having reviewed the file in this matter and being sufficiently advised in the premises, I FIND:

1. This action was filed by Plaintiff in June, 2007, to recover money owed under a promissory note from the sale of her business [Docket No. 1].

2. On October 23, 2008, the parties filed a Notice of Settlement and Stipulation to Hold Case in Abeyance Pending Performance of Settlement Agreement [Docket No. 22]. As part of that Settlement Agreement the Defendants executed a new promissory note in the amount of $350,000 payable at 7% interest for a period of six years (Promissory Note")  Defendants were to make 72 monthly interest only payments with a $350,000 balloon of all principle at the end of six years.

3. Defendants were in default under the Promissory Note as early as November 2013 for failure to make the requisite interest payments.

4. When the Promissory Note matured on July 1, 2014, Defendants owed $29,987.80 in unpaid interest in addition to the $350,000 principal amount then due.

5. On July 15, 2014, Plaintiff, through counsel, sent Defendants individually and collectively, a Notice of Default and Right to Cure.

6. Defendants failed to cure their default.

7. After default, amounts under the Promissory Note bore interest at the rate of 12% per annum. The Promissory Note also provided for a 5% late charge if an amount due was not paid by the fifth day of the month. Plaintiff was also entitled to reimbursement for all costs of collection, including reasonable attorney fees. The amounts due under the Promissory Note are as follows:

| Item | Amount |
|---|---:|
| Principal | $ 350,000.00 |
| Unpaid Interest at Default | $ 29,987.80 |
| Late Fee | $ 17,500.00 |
| Attorney Fees | $ 7,853.93 |
| Interest @ 12%* | $ 104,503.06 |
| Partial Payments** | $ (-) 50,583.34 |
| | $ **459,261.45** |

*Interest calculated through 12/13/16 on principal amount due only
**Partial payments were first applied to outstanding interest and attorney fees

8. Pursuant to the Stipulation between the parties [Docket No. 22], Plaintiff was entitled to apply, *ex parte*, for entry of judgment against Defendants upon any uncured default.

9. On November 1, 2016, Plaintiff filed her Motion to Reopen Case [Docket No. 28].

10.     On November 3, 2016, this Court reopened the case and accepted Plaintiff's Motion for Entry of Judgment for filing [Docket No. 29].

11.     Although the Stipulation between the parties permitted Plaintiff to file her Motion for Entry of Judgement *ex parte*, Plaintiff provided notice to Defendants through their counsel pursuant to her electronic filing. Plaintiff also provided separate e-mail notice to Defendant Stanley Lee Exum on November 1, 2016.

12.     On November 3, 2016, this Court issued an order providing Defendants with an opportunity to respond to Plaintiff's Motion for Entry of Judgment [Docket No. 29].

13.     Defendants failed to respond to that Order and did not file a response to Plaintiff's Motion for Entry of Judgment.

14.     On December 2, 2016, this Court entered an Order setting a status conference for December 13, 2016 [Docket No. 31].

15.     On December 6, 2016, Plaintiff's counsel filed a Status Report in anticipation of the Status Conference. [Docket No. 32].

16.     On December 13, 2016, Plaintiff's counsel appeared for the Status Conference. Defendants failed to appear either in person or through counsel.

17.     Plaintiff's counsel represented that Plaintiff incurred attorney fees of $650 for preparation and appearance at the Status Conference where Defendants and/or Defendants' counsel failed to appear, and the Court finds this to be reasonable.

18.     Defendants failed to perform the Stipulation and Settlement Agreement they entered into with Plaintiff and defaulted under the terms of the Promissory Note they signed as part of that Settlement Agreement and Stipulation.

19.     Plaintiff is entitled to judgment in her favor and against Defendants jointly and severally.

20.     Plaintiff is also entitled to post judgment interest at the rate of 12% per annum pursuant to the Promissory Note.

21.     Finally, Plaintiff is entitled to augment the judgment entered herein with attorney fees expended in collection of the same, pursuant to the terms of the Promissory Note.

IT IS THEREFORE ORDERED AND ADJUDGED that final judgment is hereby entered in favor of Plaintiff Holly LaTour and against Defendants Jason Exum, Rachelle Exum, and Stanley Lee Exum, jointly and severally, in the amount of $**459,911.45** which includes prejudgment interest, late fees, and attorney fees through December 13, 2016.

IT IS FURTHER ORDERED that Plaintiff is entitled to interest on the unpaid judgment amount at the rate of 12% per annum pursuant to the rate set forth in the Promissory Note between the parties commencing on December 14, 2016 until paid in full.

IT IS FURTHER ORDERED Plaintiff shall be permitted to augment her judgment upon motion for the recovery of additional attorney fees and costs expended in collecting this judgment.

IT IS FURTHER ORDERED that this is a final judgment and resolves all outstanding issues and claims between the parties; there is no just reason for the delay in the entry of a final judgment against Defendants jointly and severally.

DATED this 5th day of January, 2017.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE